**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ESTATE OF GENEVA RIVERS, BY THE EXECUTOR, DAVID RIVERS, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK CORP. ET AL., <br><br> Defendants. | No. 22 C 6729 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

David Rivers ("Plaintiff"), the executor of the estate of Geneva Rivers ("Geneva"), filed this suit alleging that Defendants Toria Renae Smith ("Toria") and Tyrone Smith ("Tyrone") stole money from Geneva, and that Defendant Citibank allowed them to do so. On August 8, 2023, the Court dismissed the claims against Toria and Tyrone for lack of subject matter jurisdiction and construed Plaintiff's newly filed amended complaint as a motion for leave to amend, and Citibank filed a brief in opposition. For the following reasons, Plaintiff's motion for leave to amend is denied, Citibank's motion to dismiss [28] is denied as moot, and this case is dismissed.

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely given when justice so requires." Leave to amend is inappropriate "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The futility of an amendment is

1

analyzed according to "the legal sufficiency standard of [Federal Rule of Civil Procedure] 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

Under the Rule 12(b)(6) standard, the court analyzes the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

A party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.*

2

*v. Walgreen Co.*, 631 F.3d 436, 441–442 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). Under Rule 9(b), "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006). Finally, because Rivers is a *pro se* litigant, the Court construes his pleadings liberally. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020).

**Background**

Plaintiff is the executor of the estate of his deceased mother, Geneva. R. 37 at 4, 5.[1] Geneva was elderly, disabled and incapacitated from 2013 until her death on November 26, 2021. *Id.* During that time, Geneva held bank accounts at Citibank and several Citi Personal Wealth Management investment accounts that were managed by financial advisors at Citigroup Global Markets, Inc. ("CGMI"), namely Jude Nwaiwu, Michelle Griffith, and Allen Wu. *Id.* at 6; *see also* R. 39 at 17–22, 24–26, 30.[2] Plaintiff alleges that his siblings, Toria and Tyrone, stole $536,978.60 from Geneva's accounts while she was incapacitated. R. 37 at 8. According to Plaintiff, Citibank allowed Toria and Tyrone to take various actions with Geneva's bank accounts—including opening and closing accounts and transferring and withdrawing funds—without ever questioning the actions or checking the power of attorney

---

[1] Due to the lack of paragraphs and the duplicative numbering in the proposed amended complaint, the Court refers to page numbers.
[2] The exhibits attached to Plaintiff's response to Citibank's motion to dismiss, see R. 39, are incorporated by reference into the proposed amended complaint.

documents on file. *Id.* at 7–8, 10, 14–17, 21–22. Such actions included transfers of funds after Citibank received notice of Geneva's death. *Id.* at 15. Plaintiff also alleges that Citibank failed to disclose bank statement records to him for the past seven years. *Id.* at 11.

Plaintiff filed this suit on November 30, 2022 against Toria, Tyrone, and Citibank. Plaintiff first amended his complaint in June 2023, alleging violations of the Illinois elder abuse statute (720 ILCS 5/17-56), bank theft, and bank fraud. *See* R. 21. After Tyrone and Citibank filed motions to dismiss, Plaintiff filed a new amended complaint, R. 37, and a response to the motion to dismiss referring to the newly filed amended complaint, R. 39. On August 8, 2023, the Court dismissed the claims against Toria and Tyrone for lack of subject matter jurisdiction, construed Plaintiff's newly filed amended complaint as a motion for leave to amend, and allowed Citibank as the only remaining defendant to respond to that motion, incorporating by reference any applicable arguments from its motion to dismiss. *See* R. 41. Citibank filed a response in opposition to the motion for leave to amend. *See* R. 42.

## Discussion

The proposed amended complaint raises one claim: violation of the Illinois elder abuse statute (720 ILCS 5/17-56). Citibank urges that amendment here is futile because Plaintiff cannot state a claim for financial exploitation under the Illinois elder abuse statute. The statute, which allows a private right of action, provides:

> (a) A person commits financial exploitation of an elderly person or a person with a disability when he or she stands in a position of trust or confidence with the elderly person or a person with a disability and he or she knowingly:

4

> (1) by deception or intimidation obtains control over the property of an elderly person or a person with a disability; or
> (2) illegally uses the assets or resources of an elderly person or a person with a disability.

720 ILCS 5/17-56(a).

As an initial matter, because the allegations against Citibank sound in fraud, Rule 9(b)'s heightened pleading standard applies. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *see also* R. 37 at 7 ("Citibank held the accounts of Plaintiff thus facilitating the fraud and or theft of funds from Plaintiff."); *id.* at 10 ("Citibank allowed the fraudulent transfer of funds from Geneva Rivers['] accounts . . . ."). However, the Court finds that the proposed amended complaint does not satisfy even the lower bar of Rule 8.

First, Plaintiff has not adequately pleaded that Citibank was in a position of trust and confidence with Geneva. Under the statute, persons who stand in a position of trust and confidence include those with "a legal or fiduciary relationship with the elderly person or person with a disability" and "financial planning or investment professional[s]." 720 ILCS 5/17-56(c)(4). However, as a matter of law, there is no fiduciary relationship between a bank and its depositors, absent a showing that the bank subjected the depositor to "domination and influence." *Johnson v. Edwardsville Nat. Bank & Tr. Co.*, 229 Ill. App. 3d 835, 841 (1992) (citation omitted); *see also Rodriguez v. Marrero*, No. 2-11-1033, 2013 WL 152306, at *5 (Ill. App. Ct. Jan. 8, 2013). And here, Plaintiff alleges no facts from which this Court could reasonably infer that Citibank exercised any domination or influence over Geneva. Additionally, although Nwaiwu, Griffith, and Wu were investment professionals who advised

5

Geneva on her retirement accounts, as alleged, those individuals were affiliated with CGMI, not Citibank. And only Citibank is named as a defendant in this case.

Second, even if Plaintiff adequately alleged that Citibank was in a position of trust, Plaintiff does not allege that Citibank knowingly and by deception or intimidation obtained control over Geneva's assets. Plaintiff asserts that Tyrone and Toria stole Geneva's money by making various changes to her accounts. There is no allegation, however, that Citibank tricked or threatened Geneva into depositing her funds in the bank, transferring or withdrawing money from her accounts, investing her funds in investment accounts, or otherwise. Plaintiff's boilerplate, conclusory allegations that Citibank "aided and abetted" the removal of funds do not cure this deficiency. *See* R. 37 at 7.

Relatedly, there is no contention that Citibank illegally used Geneva's assets. Under the statute, illegal use "includes, but is not limited to, the misappropriation of those assets or resources by undue influence, breach of a fiduciary relationship, fraud, deception, extortion, or use of the assets or resources contrary to law." 720 ILCS 5/17-56(c)(4). The proposed amended complaint alleges in detail how Tyrone and Toria siphoned off Geneva's money, but says nothing about Citibank misappropriating or otherwise illegally using the funds. Rather, the gravamen of Plaintiff's complaint is that Citibank knew that Tyrone and Toria were stealing money from Geneva's accounts and failed to stop them. That alleged conduct does not constitute knowing

6

deception or intimidation or illegal use by Citibank. For these reasons, an amendment to add CGMI would also be futile.[3]

In sum, the proposed amended complaint does not plausibly allege that Citibank financially exploited Geneva. Because Plaintiff cannot make out a claim under the statute against Citibank or CGMI, amendment is futile.

## Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint is denied, Citibank's motion to dismiss is denied as moot, and this case is dismissed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 8, 2023

---

[3] Citibank also argues that Plaintiff failed to allege that it intended to permanently deprive Geneva of her property. But the case Citibank cites for that proposition is a criminal case that relies on an outdated version of the statute. *See People v. Layne*, 286 Ill. App. 3d 981, 987 (1997). The current statute does not have any language about an intent to permanently deprive. *See* 720 ILCS 5/17-56.